*McCutchen, Bowden & Gaggstatter,* for plaintiff.
*George C. Palmer,* for defendant.

19414, 19415. MASSEE & FELTON LUMBER COMPANY *v.* SOUTHERN RAILWAY COMPANY; and *vice versa.*

JENKINS, P. J. 1. Ordinarily the usual place for delivery of freight is the depot or warehouse where goods are customarily unloaded and delivered, but it has been held by this court that under an ordinary contract of open shipment, providing for unconditional delivery at a private sidetrack of the consignee, the carrier completes its contract for carriage and delivery by placing the goods on the consignee's sidetrack as directed. *Speir* v. *Atlantic Coast Line R. Co.,* 37 *Ga. App.* 283 (2) (140 S. E. 43). Furthermore and in like manner it appears to be the general rule that where goods are shipped to a point on the carrier's line where, to the knowledge of the consignee, the company maintains neither agent, depot, nor warehouse, a complete delivery of the goods is effected by the carrier's safely delivering the car containing them on the sidetrack at such place of destination (4 R. C. L. 825), and that when the goods have been so delivered on such a side-track, delivery will be considered complete and the carrier exonerated from any further responsibility. · 10 C. J. 251; Southern Ry. Co. *v.* Barclay, 1 Ala. App. 348 (56 So. 26). Especially would this be the rule where, as here, the contract of affreightment sued on itself provided that the duty of looking after the shipment after the car had been thus placed upon the side-track devolved upon the owner.

2. Accordingly, since the delivery made by the defendant carrier was completed according to its contract of affreightment, long prior to any effort by the plaintiff to exercise its right of stoppage in transitu, and since its further responsibility, either as a carrier or as a warehouseman, had terminated upon such delivery, the rulings made with reference to the right of stoppage in transitu while goods are stored within the carrier's depot or warehouse under an ordinary contract of affreightment do not have application, and the court did not commit harmful error in refusing to allow the plaintiff to amend its petition by setting forth the company's alleged dereliction in failing to stop delivery as ordered; and this is true irrespective of whether, as contended by the defendant, such notice came too late, or whether such an amendment sought to engraft a new and distinct cause of action from that originally declared upon. Nor did the court err, under the foregoing rulings, in granting a nonsuit.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 7, 1929.

328

*R. D. Feagin,* for plaintiff.
*Harris, Harris & Popper,* for defendant.